**No. 55689.**—J. E. Bernard & Company, Inc., et al. *v.* United States, protests 155843–K/2342, etc. (Chicago).

Opinion by EKWALL, J.  It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732.  In view of this stipulation and following the cited decision it was held that the currency of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 55690.**—Hamilton Watch Company *v.* United States, protest 166869–K (Philadelphia).

Opinion by EKWALL, J.  It was stipulated that the appraisement of merchandise and the liquidation of the entries were made in the same manner, under facts and circumstances the same in all material respects, as the appraisement and liquidation in *The Gruen Watch Company* v. *United States* (24 Cust. Ct. 101, C. D. 1216).  In accordance with stipulation and following the cited authority the claim of the plaintiff was sustained.  It was further held that a legal liquidation should be had which would form the basis for a protest in which, should it so desire, the importer may litigate any questions presented by such action under section 514, Tariff Act of 1930.

**No. 55691.**—Central Watch Materials & Supply Co. et al. *v.* United States, protests 167466–K, etc. (Philadelphia).

Opinion by EKWALL, J.  It was stipulated that the appraisement of the merchandise and the liquidation of the entries were made in the same manner, under facts and circumstances the same in all material respects, as the appraisement and liquidation in *The Gruen Watch Company* v. *United States* (24 Cust. Ct. 101, C. D. 1216).  In accordance with stipulation and following the cited authority it was held that a legal liquidation should be had which would form the basis for a protest in which, should they so desire, the importers may litigate any question presented by such action under section 514, Tariff Act of 1930.